**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Remanding the Case to State Court

Pending before the Court is Plaintiff's Motion to Remand the case to state court. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiff's Motion and REMANDS the case to state court.

I.  Background

On February 14, 2011, Plaintiff Jason Salmonson ("Plaintiff"), on behalf of himself and others similarly situated, filed a class action lawsuit in California state court against Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel ("Defendant" or "Euromarket"). The Complaint contained a single cause of action for violations of the Song-Beverly Credit Card Act (the "Act"), *Cal. Civ. Code* § 1747.08, a California consumer protection statute providing for mandatory civil penalties for retailers who request personal information from consumers who pay by credit card. Plaintiff alleges that Euromarket requests its customers "to provide personal identifying information," including their zip codes, as a "condition of using their credit card to receive merchandise," in violation of the Act. *Compl.* ¶¶ 9, 15.

Plaintiff served Euromarket with the Complaint and Summons on February 16, 2011, but waited until March 23, 2011 to remove the case from California state court to this Court. *See Not. of Removal* ("*Removal*") 3:9-22. Euromarket claims that it was not clear from the face of the Complaint that the case could be removed and that it was not until it examined its own records on March 22, 2011 that it realized the case was removable. *Opp'n* 1:19-24. According to Euromarket, because it removed one day after discovering, through its own efforts, that the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

case was removable, it was timely. *Opp'n* 1:24. Plaintiff disagrees and now seeks an order remanding the case to state court because Euromarket's removal was "improper and untimely." *Mot.* 3:4-5.

II.     Legal Standard

In a motion to remand, the burden of proving the propriety of removal rests with the removing party. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002). The district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. 28 U.S.C § 1447(c).

Defendants base removal on the Class Action Fairness Act ("CAFA") provision providing federal subject matter jurisdiction in "any civil action," where (1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more, (2) the claims of the individual class members, in the aggregate, exceed the sum or value of $5,000,000 exclusive of interest and costs, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Thus, complete diversity is not required; "minimal diversity" suffices. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see Abrego Abrego,* 443 F.3d at 680-682 (discussing changes to federal diversity jurisdiction with the adoption of CAFA).

III.    Discussion

The procedural history of this case makes resolution of the pending Motion to Remand somewhat unique. The following facts are undisputed: (1) on February 14, 2011, Plaintiff filed the case in California state court; (2) Plaintiff served Euromarket with the Complaint and Summons on February 16, 2011; (3) Euromarket removed the case from California state court on March 23, 2011, more than thirty days after receiving notice of the lawsuit; and (4) if the removal was procedurally proper under the removal statute, there is jurisdiction under CAFA. *See Mot.* 4:8-19. The only question before the Court is whether Euromarket's removal 35 days after being served with the Summons and Complaint was timely under 28 U.S.C. § 1441, § 1453, and § 1446. For the reasons that follow, the Court answers that question in the negative.

Section 1446 of Title 28 of the United States Code sets forth the procedure for the removal of a civil action from state to federal court. *See* 28 U.S.C. § 1446; *see also* 28 U.S.C. §

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

1453 (indicating that timeliness of removal under CAFA is governed by 28 U.S.C. § 1446). The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). The statute plainly creates two periods during which a case can be removed: first, a thirty day window triggered by receipt of the initial pleading or summons "if the case started by the initial pleading is removable *on its face*," *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added), and second, a thirty day window triggered by receipt of "a copy of an amended pleading, motion, order or other paper" from which removability may be first ascertained, *if* the initial pleading does not indicate, on its face, that the case is removable, 28 U.S.C. § 1446(b). A case can be remanded to state court if the notice of removal is untimely. *See* 28 U.S.C. §§ 1446(c), 1453(c)(1).

Plaintiff argues that removal in this case was untimely and improper because CAFA's $5,00,000 amount in controversy requirement was ascertainable from the face of the complaint, yet Euromarket waited more than 30 days to remove, and because Plaintiff did not provide Euromarket with any information establishing federal jurisdiction before Euromarket filed the Notice of Removal. *Mot.* 6:5-7. To put it another way, Plaintiff contends that Euromarket's notice of Removal is untimely as both too late and too early; too late because it is beyond the thirty-day window following service, and too early because the second thirty-day window that opens upon receipt of a "paper" establishing the requisite jurisdictional facts never opened before Euromarket filed the Notice of Removal. The difference in the parties' positions is slightly more subtle than Plaintiff lets on, but generally, Plaintiff is correct and at the time the case was removed, it was not removable.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

That there are two windows for removal under § 1446(b) is well-established in the Ninth Circuit. *See Harris*, 425 F.3d at 692 ("The statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." (quotations omitted)). In *Harris*, the Ninth Circuit explained that "notice of removability" is "determined through examination of the four corners of the applicable pleadings . . . [t]hus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Id.* at 694 (quoting 28 U.S.C. § 1446(b)). In limiting the inquiry to the "four corners of the applicable pleadings," the Ninth Circuit expressly precluded both an examination of a defendant's "subjective knowledge" at the time of removal and the imposition of a duty on the defendant to "make further inquiry" of jurisdictional facts that it might have access to. *Id.* Moreover, the Ninth Circuit specifically held that, with respect to the first thirty-day window, "[i]f no ground for removal is evident in [an initial] pleading, the case is '*not removable*' at that stage." *Id.* (quoting 28 U.S.C. § 1446(b)) (emphasis added).[1]

Where the case is not initially removable based on the face of the complaint, a defendant will have the opportunity to remove the case to federal court "*after* the defendant *receives* 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document [received] that removal is proper." *Id.* (quoting 28 U.S.C. § 1446(b)) (emphasis

---

[1] Euromarket cites an unpublished case from the Western District of North Carolina for the proposition that the thirty-day periods identified in 28 U.S.C. § 1446(b) establish only "deadlines"—not windows in which a case can be removed—and that "as long as the deadlines have not passed, a case meeting jurisdictional requirements may be removed." *See* Opp'n 3:16-23 (citing *King v. United Way of Central Carolinas.*, No. CV 09-164, 2009 WL 2426303, at *3 (W.D.N.C. Aug. 5, 2009)). This, however, contradicts the Ninth Circuit's holdings that there are "two thirty-day windows during which a case may be removed," and that if the grounds for removal are not evident in a relevant pleading or other paper, a case is "not removable." *Harris*, 425 F.3d at 692. To hold otherwise would permit a case to be removed any time a defendant feels like looking into a potential basis for removal that is not apparent from the pleadings or other papers themselves, well beyond the thirty-day windows created by Congress and in violation of the Ninth Circuit's command that removability be determined through "examination of the four corners of the pleadings, not through subjective knowledge" of the defendant. *Id.* at 694.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

added). In sum, if the removability of a case is not apparent from the face of the complaint, the case is not "rendered removable" until *after* defendant *receives* "an amended pleading, motion, order or other paper" containing the necessary basis for removal. *Id.*; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-87 (9th Cir. 2010) (explaining that the second window for removal starts, or is "triggered" by, "*receipt*" of an "other paper" as the term is used in § 1446(b)).

In this case, Plaintiff first argues that the facts necessary to determine whether a federal court has jurisdiction over this case were apparent from the face of the Complaint. *See Mot.* 8:20-22. Specifically, he claims that the Complaint clearly seeks up to $1,000.00 per class member in damages (which it does) and that although the Complaint only vaguely identifies that the number of class members could be in the "thousands," Euromarket could have discovered the actual amount in controversy by "examin[ing] its records to determine if it engaged in more than 5,000 credit card transactions" in the applicable time frame. *Mot.* 8:26-9:18. However, as noted above, removability is determined based on an examination of the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *See Harris*, 425 F.3d at 694; *see also Carvalho*, 629 F.3d at 886. Contrary to Plaintiff's position, Euromarket had no affirmative obligation to investigate the potential class size to determine the amount in controversy.[2] Thus, as Euromarket concedes, that $5,000,000 is in controversy could not be ascertained from the Complaint's request for $1,000.00 per class member, of which there are

---

[2] The purpose this rule serves has been noted by courts around the country. *See Carvalho*, 629 F.3d at 886 (explaining that the Ninth Circuit adopted a bring line rule requiring examination of only the "four corners of the applicable pleadings" to "avoid the spectre of inevitable collateral litigation over whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry" (quotations omitted)); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (A bring line rule "should reduce 'protective' removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants."); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.")

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

potentially "thousands." *See Opp'n* 4:4-6:14 (agreeing that "it cannot be ascertained whether the case is removable from the four corners of the complaint."). Because the Complaint lacked the necessary amount-in-controversy information, it did not trigger the first thirty-day removal period and the case was "not removable."[3]

The question then becomes whether the second thirty-day removal period was ever triggered by "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

As mentioned, "[t]he second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 885 (quoting § 1446(b)). Plaintiff insists that the second thirty-day window was never triggered "because Defendant never received anything of consequence from the Plaintiff other than the initial service documents" before removing the case. *Mot.* 10:3-7. In part, Euromarket agrees with Plaintiff's position. Namely, Euromarket concedes that it determined the case's removability by examining its own records, not by receiving anything at all from Plaintiff. *See Removal, Seebeck Decl.* ¶¶ 5-6. Nevertheless, Euromarket claims that removal was within the second thirty-day window because it received the pending Motion to Remand containing Plaintiff's concession that removal in this case is proper if timely made. *See Opp'n* 7:11-21. Following Euromarket's logic, it received a "motion" or "other paper" as those terms are used in § 1446(b) on April 1, 2011, meaning the time to remove the case would have expired on May 1, 2011, but because it filed the Notice of Removal on March 23, 2011, Euromarket's removal of the case occurred "before the removal deadline" and removal is proper. *Opp'n* 7:20. Euromarket's position is contrary to the law in this Circuit.

The Ninth Circuit's decision in *Harris* is directly relevant and controls the outcome here. As explained, the Ninth Circuit held in *Harris* that if a case is not initially removable based on an examination of the "four corners of the applicable pleadings," the case is "'not removable' at

---

[3] Even if Plaintiff is correct in his argument that the amount in controversy was ascertainable from the four corners of the Complaint, the outcome is the same because Euromarket waited more than 30 days to file the Notice of Removal.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

that stage."[4] *Harris*, 425 F.3d at 694. The Ninth Circuit went on to hold that, based on the language of § 1446(b), a defendant whose case is "not removable" based on the initial pleadings can nevertheless remove the case "after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* (quoting 28 U.S.C. § 1446). Euromarket's argument that it can base its Notice of Removal on Plaintiff's Motion to Remand is without merit, because, by definition, a Notice of Removal filed within the second removal-window must be filed *after receipt of* "an amended pleading, motion, order or other paper," not before it. *See id.*; *see also* 28 U.S.C. § 1446(b). Euromarket admittedly filed the Notice of Removal before receiving any "pleading, motion, order or other paper," and thus failed to file the Notice of Removal after the second window for removal opened, but before it closed. Accordingly, because the face of the Complaint failed to establish this Court's jurisdiction, and because Euromarket never received "an amended pleading, motion, order or other paper" before filing its Notice of Removal, Euromarket's Notice of Removal was filed outside either of the two thirty-day time periods for removal established by 28 U.S.C. § 1446(b).

Despite this, Euromarket contends that removal that is "too early" is okay, and that it is only removal that is "too late" that warrants remand as untimely. *Opp'n* 8:10. Not so. Section 1446(b) clearly states that if a case cannot be removed after examining the four corners of the initial pleadings, a defendant can only remove a case "after the defendant receives 'an amended pleading, motion, order or other paper.'" *Harris*, 425 F.3d at 694. A case that is initially "not removable" is not "rendered removable" until such a "newly-filed paper . . . [places] the second thirty-day window[] in play." *Id.* Contrary to Euromarket's position, it is therefore possible for a Notice of Removal to be filed too early to comply with § 1446(b). *See* Schwarzer, Tashima, & Wagstaffe, *Cal. Prac. Guilde: Fed. Civ. Pro. Before Trial* § 2:3319 (The Rutter Group 2011)

---

[4] The fact that the Ninth Circuit held that certain cases are "not removable" until "after a defendant receives" something from Plaintiff establishing removability flatly contradicts Euromarket's position that a defendant can remove a case at anytime up until the end of a relevant thirty-day period. *See Opp'n* 8:10-13 (arguing that "a case is removable . . . as long as the case could have been brought in federal court and neither thirty-day deadline under section 1446(b) has run). Specifically, Euromarket's position ignores the fact that in order for a thirty-day "deadline" to run, it must first start. *See Carvalho*, 629 F.3d at 886 (holding that a certain document did not start, or "trigger" § 1446(b)'s second thirty-day removal period); *see also Murphy Bros., Inc. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344, 355, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (analyzing when § 1446(b)'s removal "clock" starts and ends).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

(recognizing the danger of "premature removal" and advising litigants that "[*t*]*o avoid the risk of premature removal*, defendants are advised to *obtain* a "paper" . . . within the [second] 30-day period" created by § 1446(b) (emphasis in original)).

The Court notes, however, that the same is not necessarily true for the first thirty-day window. For example, some courts have permitted a defendant to remove a case to federal court prior to being served with the complaint. *See, e.g.*, *Soliman v. L-3 Comm. Corp.*, No. CV 08-4838 WHA, 2008 WL 5383151, at *2 (N.D. Cal. Dec. 24, 2008). Such removal is proper based on the plain language of the statute, which permits a defendant to remove prior to formal service. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through *service or otherwise*, of a copy of the initial pleading setting forth the claim for relief" (emphasis added)). Although the Supreme Court has held that the thirty-day period does not start to run until a defendant is properly served, *see Murphy Bros.*, 526 U.S. at 350, the statute still permits removal based on receipt of the Complaint via methods other than service of process, *see Soliman*, 2008 WL 5383151, at *2. As discussed above, however, early filing is not permitted under § 1446(b)'s second thirty-day removal window, which requires that a defendant file a Notice of Removal after receiving "an amended pleading, motion, order or other paper."

Finally, the Court notes that this case is not akin to the cases where a defendant is permitted to supplement their evidence in support of removal after the case has already been removed. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (permitting a Court to consider any "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations). In those cases, the window in which to timely remove was presumably already open, and a defendant is merely supplementing its basis for asserting that federal subject matter jurisdiction is proper. That is not the case here. Here, Euromarket cannot use Plaintiff's April 1, 2011 Motion to Remand to "supplement" its own March 23, 2011 notice of removal. Such a practice would not merely provide further explanation for removal, but would open a removal window that § 1446(b) explicitly kept shut.

IV.  Conclusion

If removability cannot be ascertained from the face of the complaint or other relevant pleading, then the case is "not removable" and it is "not rendered removable" until the defendant receives "an amended pleading, motion, order or other paper" from which removability can be

O
#8
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2446 PSG (PLAx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Jason Salmonson, *et al.* v. Euromarket Designs, Inc. | | |

gleaned. *See Harris*, 425 F.3d at 694. In this case, there were no grounds to remove this case to federal court based on the four corners of the Complaint, and Euromarket never received anything that would "trigger" the second thirty-day time frame in which to remove a case under § 1446(b). Thus, the case was "not removable" at the time Euromarket filed its Notice of Removal and remand is mandatory. *See, e.g.*, *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980) (untimely removal results in remand); *Sandpiper Mgmt., LLC v. JP Morgan Chase & Co.*, No. CV 10-1802 DMS (AJB), 2010 WL 4055567, *3 (S.D. Cal. Oct. 15, 2010) ("the thirty-day time limit is mandatory").[5] The Court GRANTS Plaintiff's Motion.

**IT IS SO ORDERED.**

---

[5] In addition to an order remanding the case back to state court, Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447(c). A court may, in it discretion, award attorneys' fees incurred in successfully remanding a case removed to federal court. *Dall v. Albertson's Inc.*, 349 Fed. Appx. 158, 158 (9th Cir. 2009). "Absent unusual circumstances," a fee award is only appropriate "where the removing party lacked an objectively reasonable basis for seeking removal . . . when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court cannot conclude that Euromarket "lacked an objectively reasonable basis for seeking removal" in this case, and the Court DENIES Plaintiff's request for attorneys' fees accordingly.